# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LEVONIA DORTCH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:08-CV-49-PRC |
| ) | |
| GATEWAY TRIANGLE CORP., ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 26], filed by Defendant Gateway Triangle Corp. ("Gateway") on May 28, 2009. Plaintiff Levonia Dortch has not filed a response, and the time to do so has passed. For the reasons set forth in this Order, the Court grants summary judgment in favor of Gateway.

## PROCEDURAL BACKGROUND

Ms. Dortch filed a Complaint in this matter on February 13, 2008, and filed an Amended Complaint on June 19, 2008, alleging that her employer, Gateway, maliciously terminated her employment on the false grounds that she had stolen approximately $2,000.00 from Gateway. Ms. Dortch alleges federal subject matter jurisdiction based on diversity of citizenship. Ms. Dortch is a citizen of the State of New York, Gateway is an Indiana corporation, and Ms. Dortch alleges that the amount in controversy exceeds $75,000, with her damages consisting of injury and damage to her reputation and economic losses requiring her to relocate her residence and seek the charity of family and friends. On August 20, 2008, Gateway filed an Answer and Affirmative Defenses. On December 12, 2008, the Court granted Ms. Dortch's attorney's motion to withdraw, and Ms. Dortch is now proceeding pro se.

On May 28, 2009, Gateway filed a Motion for Summary Judgment, a Memorandum in

Support, and an Affidavit. On May 29, 2009, the Court sua sponte issued an Order pursuant to *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), providing Ms. Dortch with notice of her obligations in responding to the pending Motion for Summary Judgment and setting a July 6, 2009 deadline for Ms. Dortch to respond to the Motion for Summary Judgment. Ms. Dortch has not filed a response brief, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## MATERIAL FACTS

On or about January 18, 2005, Gateway hired Ms. Dortch as a cashier. Gateway and Ms. Dortch had no contract of employment. Between February 10, 2005, and January 11, 2007, Ms. Dortch's supervisor reprimanded her for six separate instances of cash shortages, including two "Documented Verbal Warnings" and four "Written Warnings." For each reprimand, Ms. Dortch received written documentation on a "Staff Action Form." On May 9, 2007, Ms. Dortch was suspended pending an investigation by management for a cash shortage that totaled $4,000.00, and she received a "Staff Action Form" detailing the suspension. Following an investigation, Gateway decided to terminate Ms. Dortch's employment on June 21, 2007.

## ANALYSIS

In its motion, Gateway argues that it is entitled to summary judgment as a matter of law because Indiana law does not provide Ms. Dortch with a cause of action for "malicious discharge." "Indiana follows the doctrine of employment at will, under which employment may be terminated by either party at will, with or without reason." *Wior v. Anchor Indus. Inc.*, 669 N.E.2d 172, 175 (Ind. 1996). There is no evidence that any of the exceptions to the employment-at-will doctrine

under Indiana law apply in this case. *See Uhlman v. Panares*, – N.E.2d –, –, 2009 WL 1872474, at *3 & n. 8 (Ind. Ct. App. June 30, 2009) (summarizing the three exceptions to the doctrine). Therefore, Gateway could terminate Ms. Dortch's employment at its own will, with or without reason. In fact, Gateway discharged Ms. Dortch after she incurred numerous reprimands related to cash shortages during her employment as a cashier. Therefore, there is no genuine issue as to any material fact, and Gateway is entitled to summary judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion for Summary Judgment [DE 26]. Plaintiff Levonia Dortch shall take nothing by her Complaint, and the Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Gateway Triangle Corp. against Plaintiff Levonia Dortch.

SO ORDERED this 10th day of July, 2009.


                                             s/ Paul R. Cherry
                                             MAGISTRATE JUDGE PAUL R. CHERRY
                                             UNITED STATES DISTRICT COURT

cc:    All counsel of record
       *Pro se* Plaintiff